## Brahan *v.* City of Meridian.

[71 South. 170.]

Municipal Corporations. *Parks. Statutes.*

> Where several public spirited citizens had donated about thirty-five acres of land to a city for a public park and the city had accepted the same, it was not unlawful for the city to construct or permit to be constructed and placed in a conspicuous and prominent spot in said park, a monument containing a life size figure of one of the donors of the park, since this would not subtract from the value of the park as a pleasure ground.

Appeal from the chancery court of Lauderdale county. Hon. Sam Whitman, Chancellor.

Bill by F. V. Brahan against the City of Meridian. From a decree for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*F. V. Brahan,* for appellant.

*Amis & Dunn,* for appellee.

COOK, P. J., delivered the opinion of the court.

Several public-spirited citizens of Meridian conveyed to the city a tract of land of about thirty-five acres to be used as a public park, which gift was accepted by the city. Now, according to the allegations of the bill of complaint, the city "has constructed or permitted to be constructed and placed in a most conspicuous and prominent spot in said park a monument containing a life-size figure and cut of one I. Marks, also a citizen of the city of Meridian, who was one of the dedicators mentioned in one of the deeds of conveyance."

It is alleged in the bill of complaint that the erection of this monument is a perversion of the park property. The bill prays for a mandatory injunction against the city requiring it to remove the monument from the park. To this bill the city interposed a demurrer, and the same was sustained; hence this appeal.

It seems to us that it was quite the proper thing for the city to erect a monument to one of the donors of the land and place same in a prominent and conspicuous place in the park. It would be difficult to find a park of any pretentions that is not adorned with works of art of the nature described in the bill of complaint, and we cannot conceive that the placing of a statute in a park can in the least degree subtract from the value of the park as a pleasure ground.

This ruling does not conflict with the decision of this court in *Jones et al.* v. *City of Jackson,* 104 Miss. 449, 61 So. 456.

*Affirmed and bill dismissed.*